UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCIS MOYNIHAN, Jr.,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
DIVISION OF CHILD SUPPORT,

    Defendant.

CASE NO. C11-5522BHS

ORDER DISMISSING CASE
AND DENYING PLAINTIFF'S
MOTION TO PROCEED IN
FORMA PAUPERIS AS MOOT

This matter comes before the Court on Plaintiff's ("Moynihan") motion for leave to proceed in forma pauperis ("IFP"). Dkt. 1. The Court has considered the pleadings filed in support of this motion and the remainder of the file and dismisses this matter for lack of jurisdiction and denies as moot Moynihan's motion to proceed IFP for the reasons discussed herein.

## I. DISCUSSION

The present matter arises out of Moynihan's complaint that Defendant has not responded to his records requests under the Washington Public Records Act ("PRA") and the federal Freedom of Information Act ("FOIA"). However, FOIA applies only to federal agencies; Defendant is a Washington State agency. *See* 5 U.S.C. § § 552; 552a.

ORDER - 1

Therefore, to the extent Moynihan contends that Defendant violated a federal right under FOIA by not providing him with the requested child support division records, he has failed to state a claim. In short, Defendant's requests may be proper under the PRA, being that Defendant is a Washington State agency, but are not proper under the FOIA.[1] In view of this, it is clear that Moynihan cannot state a claim since both he and Defendant are citizens of the same state and he has not alleged a viable federal question. *See, e.g.,* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship).

## II. ORDER

Therefore, it is hereby **ORDERED** that Moynihan's case is **DISMISSED** and his motion to proceed IFP is **DENIED as moot**.

DATED this 13th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

[1] To the extent Moynihan contends he has a constitutional right to Defendant's assistance, he has provided no basis for this purported right except his nonexistent federal right to see the records, and the Court has found no authority establishing such a right. This is essentially a contention that he has a right to a certain outcome from petitioning the government. There is no such constitutional right. *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) (although there certainly is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action).